# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACOB SHOCHAT<br>Derivatively and on Behalf of<br>CHESAPEAKE ENERGY CORPORATION,<br><br>              Plaintiff,<br><br>      vs.<br><br>AUBREY K. MCCLENDON, RICHARD<br>K. DAVIDSON, KATHLEEN M.<br>EISBRENNER, V. BURNS HARGIS,<br>FRANK KEATING, CHARLES T.<br>MAXWELL, MERRILL A. MILLER, JR.,<br>DON L. NICKLES, and LOUIS SIMPSON,<br><br>              Defendants,<br><br>     and<br><br>CHESAPEAKE ENERGY CORPORATION,<br><br>              Nominal Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>CASE NO. CIV-12-488-M |

## PLAINTIFF SHOCHAT'S MEMORANDUM OF LAW
### (1) IN REPLY TO M. LEE ARNOLD AND JAMES CLEM'S RESPONSE IN OPPOSITION TO MOTIONS AND CROSS MOTIONS TO CONSOLIDATE AND APPOINT LEAD, AND
### (2) IN FURTHER SUPPORT OF PLAINTIFF SHOCHAT'S CROSS-MOTION FOR CONSOLIDATION OF RELATED CASES AND APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

M. LEE ARNOLD, derivatively on behalf of )
CHESAPEAKE ENERGY CORPORATION, )
                                 )
            Plaintiff, )       CASE NO. CIV-11-985-M
                                 )
       vs. )
                                   )
AUBREY K. McCLENDON, *et al.*, )
                                   )
            Defendants, )
                                   )
       and )
                                   )
CHESAPEAKE ENERGY CORPORATION, )
   an Oklahoma Corporation, )
                                   )
           Nominal Defendant. )
                                   )

JAMES CLEM, and derivatively on behalf of )
CHESAPEAKE ENERGY CORPORATION, )
                                 )
            Plaintiff, )       CASE NO. CIV-11-997-M
                                 )
       vs. )
                                   )
AUBREY K. McCLENDON, *et al.*, )
                                   )
            Defendants, )
                                   )
       and )
                                   )
CHESAPEAKE ENERGY CORPORATION, )
   an Oklahoma Corporation, )
                                   )
           Nominal Defendant. )
                                   )

DEBORAH G. MALLOW IRA SEP )
INVESTMENT PLAN, )
Individually and derivatively on behalf of )
CHESAPEAKE ENERGY CORPORATION, )
                                 )       CASE NO. CIV-12-436-M
            Plaintiff, )
                                 )
       vs. )
                                   )
1.     AUBREY K. McCLENDON, )
2.     RICHARD K. DAVIDSON, )
3.     KATHLEEN M. EISBRENNER, )

```
4.     V. BURNS HARGIS,                      )
5.     FRANK KEATING,                        )
6.     CHARLES T. MAXWELL,                    )
7.     MERRILL A. MILLER, JR.,                )
8.     DON L. NICKLES, and                    )
9.     LOU SIMPSON,                           )
                                              )
              Defendants,                     )
                                              )
       and                                    )
                                              )
CHESAPEAKE ENERGY CORPORATION,                )
       an Oklahoma Corporation,               )
                                              )
              Nominal Defendant.              )
                                              )
```

```
CHRISTOPHER SNYDER,                           )
Individually and derivatively on behalf of    )
CHESAPEAKE ENERGY CORPORATION,                )
                                              )      CASE NO. CIV-12-437-M
              Plaintiff,                      )
                                              )
       vs.                                    )
                                              )
1.     AUBREY K. McCLENDON,                    )
2.     RICHARD K. DAVIDSON,                    )
3.     KATHLEEN M. EISBRENNER,                 )
4.     V. BURNS HARGIS,                        )
5.     FRANK KEATING,                          )
6.     CHARLES T. MAXWELL,                     )
7.     MERRILL A. MILLER, JR.,                 )
8.     DON L. NICKLES, and                     )
9.     LOU SIMPSON,                            )
                                              )
              Defendants,                      )
                                              )
       and                                     )
                                              )
CHESAPEAKE ENERGY CORPORATION,                 )
       an Oklahoma Corporation,                )
                                              )
              Nominal Defendant.               )
                                              )
```

```
 (1) DOLEZAL FAMILY LIMITED                   )
PARTNERSHIP                                   )
Derivatively and on Behalf of                 )
CHESAPEAKE ENERGY CORP.,                      )
                                              )      CASE NO. CIV-12-477-M
              Plaintiff,                      )
                                              )
       vs.                                    )
```

(1)    AUBREY K. McCLENDON,                    )
(2)    RICHARD K. DAVIDSON,                     )
(3)    KATHLEEN M. EISBRENNER,             )
(4)    V. BURNS HARGIS,                              )
(5)    FRANK KEATING,                               )
(6)    CHARLES T. MAXWELL,                     )
(7)    MERRILL A. MILLER, JR.,                   )
(8)    DON L. NICKLES, and                         )
(9)    LOUIS A. SIMPSON                            )
                                                                         )
                    Defendants,                                  )
                                                                         )
              and                                                    )
                                                                         )
CHESAPEAKE ENERGY CORP.,                )
                                                                         )
                    Nominal Defendant.                   )
                                                                         )

BRIAN F. LEONARD                                    )
Individually and derivatively on behalf of     )
CHESAPEAKE ENERGY CORPORATION,    )
                                                                         )        CASE NO. CIV-12-479-M
                    Plaintiff,                                     )
                                                                         )
              vs.                                                      )
                                                                         )
1.       AUBREY K. McCLENDON,                 )
2.       RICHARD K. DAVIDSON,                  )
3.       KATHLEEN M. EISBRENNER,          )
4.       V. BURNS HARGIS,                           )
5.       FRANK KEATING,                            )
6.       CHARLES T. MAXWELL,                  )
7.       MERRILL A. MILLER, JR.,                )
8.       DON L. NICKLES, and                      )
9.       LOUIS SIMPSON,                             )
                                                                         )
                    Defendants,                                  )
                                                                         )
              and                                                    )
                                                                         )
CHESAPEAKE ENERGY CORPORATION,    )
         an Oklahoma Corporation,                   )
                                                                         )
                    Nominal Defendant.                   )
                                                                         )

JACOB SHOCHAT                                        )
Derivatively and on Behalf of                        )
CHESAPEAKE ENERGY CORPORATION,    )
                                                                         )        CASE NO. CIV-12-488-M
                    Plaintiff,                                     )

|  |  |
|---|---|
| vs. | ) |
| | ) |
| | ) |
| AUBREY K. MCCLENDON, RICHARD | ) |
| K. DAVIDSON, KATHLEEN M. | ) |
| EISBRENNER, V. BURNS HARGIS, | ) |
| FRANK KEATING, CHARLES T. | ) |
| MAXWELL, MERRILL A. MILLER, JR., | ) |
| DON L. NICKLES, and LOUIS SIMPSON, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| CHESAPEAKE ENERGY CORPORATION, | ) |
| | ) |
| Nominal Defendant. | ) |
| | ) |

|  |  |
|---|---|
| (1) THE DAVID A. KROLL, INC. | ) |
| EMPLOYEES' PROFIT-SHARING PLAN | ) |
| AND TRUST, derivatively on behalf of | ) |
| CHESAPEAKE ENERGY CORPORATION, | ) |
| | ) CASE NO. CIV-12-493-M |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| (1) AUBREY K. McCLENDON, (2) | ) |
| RICHARD K. DAVIDSON, (3) V. | ) |
| BURNS HARGIS, (4) FRANK A. | ) |
| KEATING, (5) BREENE M. KERR, (6) | ) |
| CHARLES T. MAXWELL, (7) DON L. | ) |
| NICKLES, (8) FREDERICK B. | ) |
| WHITTEMORE, (9) MARCUS C. | ) |
| ROWLAND, (10) MICHAEL A. | ) |
| JOHNSON, (11) LOUIS A. SIMPSON, | ) |
| (12) KATHLEEN M. EISBRENNER, | ) |
| And (13) MERRILL A. MILLER, JR., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| CHESAPEAKE ENERGY CORPORATION, | ) |
| | ) |
| Nominal Defendant. | ) |
| | ) |

|  |  |
|---|---|
| STEPHEN ROBACZYNSKI, Derivatively On | ) |
| Behalf of Nominal Defendant CHESAPEAKE | ) |
| ENERGY CORPORATION, | ) |
| | ) CASE NO. CIV-12-501-M |

|  |  |
|---|---|
| Plaintiff,<br><br>v.<br><br>(1) AUBREY K. McCLENDON, (2)<br>RICHARD K. DAVIDSON, (3) KATHLEEN<br>M. EISBRENNER, (4) V. BURNS<br>HARGIS, (5) FRANK KEATING, (6)<br>CHARLES T. MAXWELL, (7) MERRILL<br>A. MILLER JR., (8) DON NICKLES<br>And (13) LOU SIMPSON,<br><br>Defendants,<br><br>and<br><br>CHESAPEAKE ENERGY CORPORATION,<br><br>Nominal Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

|  |  |
|---|---|
| NORMAN SPIEGEL,<br>Derivatively on Behalf of Nominal Defendant<br>CHESAPEAKE ENERGY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>AUBREY K. MCCLENDON, RICHARD<br>K. DAVIDSON, KATHLEEN M.<br>EISBRENNER, V. BURNS HARGIS,<br>FRANK KEATING, CHARLES T.<br>MAXWELL, MERRILL A. MILLER, JR.,<br>DON L. NICKLES, and LOU SIMPSON,<br><br>Defendants,<br><br>and<br><br>CHESAPEAKE ENERGY CORPORATION,<br><br>Nominal Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     CASE NO. CIV-12-502-M |

|  |  |
|---|---|
| (1)   HOWARD ROSENGARTEN<br>Derivatively on behalf of<br>CHESAPEAKE ENERGY CORPORATION,<br><br>Plaintiff,<br><br>vs. | ) ) ) ) ) ) ) ) )     CASE NO. CIV-12-505-M |

| | |
|---|---|
| 1) AUBREY K. McCLENDON,<br>2) MERRILL A. MILLER, JR.,<br>3) DON NICKLES,<br>4) CHARLES T. MAXWELL<br>5) FRANK KEATING,<br>6) RICHARD K. DAVIDSON,<br>7) V. BURNS HARGIS,<br>8) KATHLEEN M. EISBRENNER,<br>9) LOUIS A. SIMPSON,<br>10) BREENE M. KERR, and<br>11) FREDERICK B. WHITTEMORE,<br><br>       Defendants,<br><br>    and<br><br>12) CHESAPEAKE ENERGY<br>CORPORATION, an Oklahoma Corporation,<br><br>       Nominal Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| (1) ARTHUR ALBERTS, Individually and<br>derivatively on behalf of CHESAPEAKE<br>ENERGY CORPORATION,<br><br>       Plaintiff,<br><br>    v.<br><br>(1) AUBREY K. McCLENDON, (2)<br>RICHARD K. DAVIDSON, (3) KATHLEEN<br>M. EISBRENNER, (4) V. BURNS<br>HARGIS, (5) FRANK KEATING, (6)<br>CHARLES T. MAXWELL, (7) MERRILL<br>A. MILLER, JR., (8) DON L. NICKLES<br>and (9) LOU SIMPSON,<br><br>       Defendants,<br><br>    and<br><br>(1) CHESAPEAKE ENERGY<br>CORPORATION,<br><br>       Nominal Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO. CIV-12-545-M |
| (1) JOEL GERBER,<br>Derivatively on Behalf of CHESAPEAKE<br>ENERGY CORPORATION,<br><br>       Plaintiff, | )<br>)<br>)<br>)<br>)   CASE NO. CIV-12-584-M |



)
      v.                                  )

(1) AUBREY K. McCLENDON, (2)
RICHARD K. DAVIDSON, (3) KATHLEEN
M. EISBRENNER, (4) V. BURNS
HARGIS, (5) FRANK KEATING, (6)
CHARLES T. MAXWELL, (7) MERRILL A.
"PETE" MILLER, JR. (8) DON NICKLES,
(9) LOUIS A. SIMPSON, (10) BREENE M.
KERR, and (11) FREDERICK B.
WHITTEMORE,

                Defendants,

           -and-

(12) CHESAPEAKE ENERGY
CORPORATION, an Oklahoma Corporation

             Nominal Defendant.

---

**PLAINTIFF SHOCHAT'S MEMORANDUM OF LAW
(1) IN REPLY TO M. LEE ARNOLD AND JAMES CLEM'S RESPONSE IN
OPPOSITION TO MOTIONS AND CROSS MOTIONS TO CONSOLIDATE AND
APPOINT LEAD, AND
(2) IN FURTHER SUPPORT OF PLAINTIFF SHOCHAT'S CROSS-MOTION
FOR CONSOLIDATION OF RELATED CASES AND APPOINTMENT OF
<u>LEAD PLAINTIFF AND LEAD COUNSEL</u>**

Plaintiff Jacob Shochat ("Plaintiff Shochat") respectfully submits this memorandum in reply to the response in opposition to motion and cross motions to consolidate and appoint lead (the "2011 Plaintiffs' Response") filed by M. Lee Arnold and James Clem (collectively, the "2011 Plaintiffs") on May 22, 2012, and in further support of his Cross-Motion for Consolidation of Related Cases and Appointment of Lead Plaintiff and Lead Counsel (the "*Shochat* Motion").

## PRELIMINARY STATEMENT

The *Shochat* Motion seeks to consolidate the eleven recently-filed shareholder derivative actions (the "2012 Derivative Actions") filed on behalf of Chesapeake Energy Corporation ("Chesapeake" or the "Company") regarding misconduct by Chesapeake's officers and directors.  The 2011 Plaintiffs are Chesapeake shareholders with older, unrelated, and stayed claims against Chesapeake directors[1], and they now seek to reactivate their cases by incorporating the claims from the 2012 Derivative Actions.  The 2011 Plaintiffs have improperly filed an untimely cross motion to consolidate the 2012 Derivative Actions with the unrelated 2011 Actions, and their motion should be denied.[2]

All of the parties agree that consolidation of the 2012 Derivative Actions with each other is appropriate because they arise from similar allegations against similar defendants and involve common questions of law or fact.  However, consolidation of the

---

[1]      *See Arnold v. McClendon, et al.*, Case No. CIV-11-985-M (W.D. Okla., filed Sept. 6, 2011) (the "*Arnold* Action") and *Clem v. McClendon, et al.,* Case No. CIV-11-997-M (W.D. Okla., filed Sept. 8, 2011) (the "*Clem* Action") (collectively, the "2011 Actions").

[2]      Despite the fact that the 2011 Plaintiffs have titled their response solely as an "Opposition," it is clearly a cross-motion in light of their repeated requests for consolidation of the 2012 Derivative Actions with the 2011 Actions and appointment of their counsel as lead counsel for the action as consolidated.

2012 Derivative Actions with the 2011 Actions, as proposed by the 2011 Plaintiffs, would not ensure efficient and effective management of these claims. On the contrary, consolidation would unnecessarily complicate the litigation, and subject the new claims to delays and the risk of possible preclusion from the settlement of the earlier claims.

The relied requested in the 2011 Plaintiffs' Response should therefore be denied.

## ARGUMENT

I. **CONSOLIDATION OF THE 2011 ACTIONS WITH THE 2012 DERIVATIVE ACTIONS IS NOT APPROPRIATE.**

   A. **The 2012 Derivative Actions and the Stayed 2011 Actions Allege Different and Unrelated Facts, Precluding Consolidation.**

As discussed in the *Shochat* Motion and the 2011 Plaintiffs' Response, the 2011 Actions allege that members of Chesapeake's Board of Directors (the "Board") breached their fiduciary duties in 2008 by, among other things, approving an excessive compensation package for the Company's CEO, Aubrey McClendon ("McClendon").[3] A December 23, 2011 Order (the "2011 Consolidation Order") consolidated the *Arnold* Action and the *Clem* Action. *Arnold* Action Dkt. No. 39. The 2011 Plaintiffs' original claims are encompassed by a settlement (the "Settlement") reached in a parallel state court derivative action, which was approved by the state court on January 20, 2012, despite the 2011 Plaintiffs' objections thereto; the 2011 Plaintiffs have appealed approval

---

[3] The differences between the 2012 Derivative Actions and the 2011 Actions and reasons why they should not be consolidated are explained in further detail in Jacob Shochat's Motion for Leave to Intervene, *Arnold* Action Dkt. No. 48, and Intervenor Shochat's proposed Memorandum of Law in Opposition to Plaintiffs' Motion to Lift Stay, *Arnold* Action Dkt. No. 48-1, Ex. 1 (collectively, "Shochat's 2011 Actions Briefs"), which Plaintiff Shochat respectfully adopts and incorporates herein.

of the Settlement.  *See Arnold* Action Dkt. No. 42.  At the behest of the 2011 Plaintiffs, on March 14, 2012, the Court signed an order staying the 2011 Actions until the Supreme Court of Oklahoma (the "State Court") resolves the appeal of the Settlement (the "Stay Order").  *Arnold* Action Dkt. Nos. 42, 43.  While the 2011 Plaintiffs have filed a motion requesting that the Court lift the Stay Order, *Arnold* Action Dkt. No. 44 (the "Lift Stay Motion"), that motion is currently pending.[4]

In the 2011 Consolidation Order, the Court held that the 2011 Actions should be consolidated because "they contain common questions of law and fact **relating to McClendon's 2008 employment compensation**."  2011 Consolidation Order (emphasis added).  The 2012 Derivative Actions, on the other hand, do not concern McClendon's 2008 employment compensation, but rather assert allegations on behalf of Chesapeake regarding distinct episodes of misconduct related to McClendon's financing transactions and participation in the Founder Well Participation Program.  Therefore, the 2011 Consolidation Order—under which the 2011 Plaintiffs urge the Court to consolidate the 2012 Derivative Actions with the 2011 Actions and appoint their counsel as lead counsel—clearly does not support the consolidation requested by the 2011 Plaintiffs.

Indeed, consolidation of the 2012 Derivative Actions with the 2011 Actions is inappropriate because the actions do not share common questions of law and fact.  The

---

[4]     The fact that the 2011 Plaintiffs' Lift Stay Motion is still pending is reason enough for the Court to deny the relief they seek; any motion from the 2011 Plaintiffs for consolidation and appointment of lead counsel can only be properly filed when and if the Court grants their Lift Stay Motion.  The 2011 Plaintiffs concede this point in their Lift Stay Motion, noting that "[i]f the Court decides to lift the stay in this matter, [the 2011 Plaintiffs] **will seek** the consolidation of the newly filed derivative cases."  Lift Stay Motion at 24 (emphasis added).

2011 Plaintiffs argue that there are factual similarities because "[t]he 2008 claims and the 2012 claims, for example, both substantially involve breaches of fiduciary duty by the Board."   2011 Plaintiffs' Response at 15.   This argument is spurious, since any shareholder derivative action against the Company's Board will involve allegations of breach of fiduciary duty by the Board.  When, as here, actions involve the same types of claims against similar sets of defendants but are based on differing predicate facts, courts have held that consolidation is inappropriate because "the legal questions that flow from the facts will also differ."  *Griffin v. Aerosat USA*, No. 2:10-cv-01838-JWS, 2011 U.S. Dist. LEXIS 5592, at *5 (D. Ariz. Jan. 20, 2011).

Even more absurdly, the 2011 Plaintiffs further argue that "even if prosecution of the 2008 claims may be delayed, discovery relating to the 2012 claims could jumpstart litigation of the 2008 claims."  The fact that the claims from 2008 are currently "delayed" is a crucial reason why the 2012 Derivative Actions should not be consolidated with the earlier actions.  All parties agree that the Settlement encompasses all of the claims from 2008, so, if consolidated, prosecution of the claims subject to the Settlement will still be delayed pending resolution of the 2011 Plaintiffs' appeal of the Settlement.  The interests of Chesapeake and Chesapeake's shareholders require that the 2012 Derivative Actions' claims move forward promptly, which will not occur if these claims are consolidated with the 2011 Actions and also put on hold awaiting the ruling from the State Court. Chesapeake and its shareholders would equally be disadvantaged if, as the 2011 Plaintiffs suggest would occur, the claims are consolidated and prosecution of the 2012 Derivative Actions' claims begins in the interim, since when and if the 2011 Plaintiffs' appeal is

4

successful, the two sets of claims would be at very different stages of litigation, resulting in delay of the 2012 claims.  Courts have consistently held that consolidation of actions that are at different stages of litigation in not appropriate because of the delay and possible prejudice it would cause.  *See, e.g.*, *Bruno v. Borough of Seaside Park*, Civ. No. 04-5084, 2006 U.S. Dist. LEXIS 56758, at *7 (D.N.J. Aug. 11, 2006) (denying consolidation in part because actions were "at much different stages of litigation"); *Long v. Dickson*, No. 06-4012-SAC, 2006 U.S. Dist. LEXIS 47377, at *2 (D. Kan. Jan. 1, 2006) ("Because the two actions are at such widely separate stages of preparation, consolidation of these cases would cause further delay and could prejudice the parties."); *Aerotel, Ltd. v. Verizon Commc'ns, Inc.*, 234 F.R.D. 64, 67 (S.D.N.Y. 2005) (same).  As such, the 2011 Actions and 2012 Derivative Actions are not properly consolidated.

The 2011 Plaintiffs' extensive citations to *In re Green Mountain Coffee Roasters, Inc. Derivative Litigation*, No. 2:10-cv-233, 2012 WL 1493823 (D. Vt. Apr. 27, 2012) in support of their arguments for consolidation do not alter this conclusion.  2011 Plaintiffs' Response at 11-14, 16.  Although the 2011 Plaintiffs claim that Green Mountain was "an almost identical situation," *id.* at 12, the facts in *Green Mountain* were substantively different than the facts here.  In *Green Mountain*, two shareholder derivative actions were filed in 2010 alleging breach of fiduciary duties due to misstated earnings, and the cases were consolidated and stayed pending the resolution of a related securities fraud action. *Green Mountain*, 2012 WL 1493823, at *1.  When two later related shareholder derivative suits were filed in 2012, the court consolidated the new suits with the older litigation, finding that all of the cases "focus on efforts by GMCR's officers and directors

to conceal flaws in the company's balance sheet to the personal gain of insiders." *Id.* This situation bears little resemblance to the facts and allegations regarding the claims involving Chesapeake's officers and directors. Here, the earlier cases alleged claims based on specific, separate misconduct which took place in 2008. *See Arnold* Compl.; *Clem* Compl. Indeed, the 2011 Plaintiffs acknowledge that the claims in the 2012 Derivative Actions are new and factually distinct allegations, and that "the only issues in the [2011 Actions] related to McClendon's 2008 compensation." Lift Stay Motion at 3. Moreover, in *Green Mountain*, the shareholder derivative actions had been stayed pending the resolution of related securities fraud action; here, the 2011 Actions are stayed due to the Settlement that would release the 2011 Plaintiffs' claims, pending an appeal of the approval of the Settlement. Accordingly, rather than generating efficiencies, consolidation of the 2012 Derivative Actions' active claims with the 2011 Actions' settled claims would result merely in delays and inefficiencies.

## B. The 2011 Plaintiffs' Pre-Suit Demands Preclude Consolidation with the 2012 Derivative Actions Alleging Demand Futility.

As is more thoroughly discussed in the *Shochat* Motion and Shochat's 2011 Actions Briefs, the 2011 Actions and the 2012 Derivative Actions should also not be consolidated because of the fundamental differences and resulting conflicts between the 2011 Actions' pre-suit demand allegations and the 2012 Derivative Actions' allegations of demand futility. In response to this argument, the 2011 Plaintiffs incorrectly maintain that Delaware law, which was cited by Plaintiff Shochat in support, is inapplicable to excusing demand in a case brought under Oklahoma law. 2011 Plaintiffs' Response at

23.    However, pleading requirements for derivative actions are governed by the Oklahoma Corporations Act, which is based on Delaware law, and "decisions of the Delaware Courts are very persuasive." *Beard v. Love*, 173 P.3d 796, 802 (Okla. Civ. App. 8/28/07) (internal citations omitted); *see also Hargrave v. Canadian Valley Elec. Co-op., Inc.*, 792 P.2d 50, 54 (Okla. 1990) (citing federal case law to find that demand futility rule applies to derivative actions prosecuted pursuant to Oklahoma law); *Warren v. Elrod*, 72 F.R.D. 5, 13 (W.D. Okla. 1976) (same).

After arguing that Delaware law is inapplicable, the 2011 Plaintiffs then cite a Delaware case to attempt to support their argument that demand futility issues would not complicate the consolidation of these actions.  2011 Plaintiffs' Response at 23.  Yet there is no legal support, under any jurisdiction's law, for the 2011 Plaintiffs' argument.  The case cited by 2011 Plaintiffs in support is inapposite and simply notes that demand futility is conducted on a claim-by-claim basis such that a plaintiff must demonstrate demand futility for each claim if there are multiple claims.  *Beam v. Stewart*, 833 A.2d 961, 977 n.48 (Del. Ch. 2003).   Further, the 2011 Plaintiffs argue that the Board's purported mishandling of the 2011 Plaintiffs' pre-suit demands "offer a unique and compelling argument that [2011 Plaintiffs] should be excused from making a demand relating to the 2012 Claims."  2011 Plaintiffs' Response at 23.  However, that argument is belied by the law; it is well-settled that prior refused demands cannot support current demand futility arguments.  *See Lewis v. Graves*, 701 F.2d 245, 249 (2d Cir. 1983); *Allison v. Gen. Motors Corp.*, 604 F. Supp. 1106, 1113 (D. Del. 1985).  Even assuming that the previous demands included the same allegations at issue in the 2012 Derivative

Actions (which they do not) it is well-established that a Board's rejection of a prior demand does not demonstrate futility unless plaintiff can demonstrate that the first refusal was wrongful.  *In re Merrill Lynch & Co., Inc., Sec., Deriv. & ERISA Litig.*, 773 F. Supp. 2d 330, 343-44 (S.D.N.Y. 2011).

## II.      PLAINTIFF SHOCHAT AND HIS COUNSEL SHOULD BE LEAD

The 2011 Plaintiffs assert that an evaluation of lead counsel is unnecessary because they have already been appointed as co-lead counsel in the 2011 Actions.  2011 Plaintiffs' Response at 16.  However, since the 2011 Plaintiffs filed an uncontested stipulation for lead counsel in the 2011 Actions, the Court has never adjudicated whether the 2011 Plaintiffs counsel are the most adequate (pursuant to Rule 23.1 of the Federal Rules of Civil Procedure) lead counsel for derivative actions on behalf of Chesapeake. *See Arnold* Action, Dkt No. 39 at 2 (noting defendants' failure to address plaintiffs' motion to appoint counsel structure).  Therefore, even if the Court were to consolidate all of the actions, the Court should now adjudicate this issue and appoint Plaintiff Shochat and his chosen counsel as lead plaintiff and lead counsel.

Plaintiff Shochat has vigorously sought to protect the interests of Chesapeake and all Chesapeake shareholders.  In addition to filing a motion to intervene to oppose the Lift Stay Motion, Plaintiff Shochat filed similar a motion in a separate stayed action in state court.[5]  Without Shochat's interventions, the Company and the Company's shareholders would face significant risks that their interests will be unprotected, given that these earlier

---

[5]      *Lutzker v. McClendon, et al.*, No. CJ-2009-2329 (Okla. Cnty. Dist. Ct., filed 3/10/09).  *See Shochat* Action Dkt. No. 14-1, Exs. 2 & 3.

cases are based on claims that have already been settled or stayed and the pre-suit demands made in the 2011 Actions.[6]  Further, while there is no statutory requirement for a lead plaintiff in shareholder derivative actions, Plaintiff Shochat remains the only plaintiff to request appointment as lead plaintiff.   In derivative actions with multiple plaintiffs, courts favor the appointment of an "appropriate leadership structure to coordinate the litigation and avoid duplication."  *In re Doral Fin. Corp. Sec. Litig.*, No. 1:2005-md-01706, 2006 WL 1120491, at *1 (S.D.N.Y. Apr. 27, 2006); *see also Chester Cnty. Emps. Ret. Fund v. White,* No. 11-C-8114, 2012 U.S. Dist. LEXIS 51932, at *8 (N.D. Ill. Apr. 13, 2012) (same); *City of Pompano Beach Gen. Emps. Ret. Sys. v. Synovus Fin. Corp.*, No. 09-cv-03069-JOF, 2009 WL 4641804 (N.D. Ga. Dec. 1, 2009) (same); *Dollens v. Zionts*, No. 1:01-cv-05931, 2001 WL 1543524 (N.D. Ill. Dec. 4, 2001) (same); *In re Conseco, Inc. Sec. Litig.*, 120 F. Supp. 2d 729 (S.D. Ind. 2000) (same).   As one court held, in derivative actions "there is a need to have plaintiffs who can adequately represent other shareholders and exercise a meaningful role in critical decisions such as whether to file suit or to settle.  <u>Otherwise, it is the attorneys who will completely control the litigation</u> and make these decisions rather than the interest of the corporation and its shareholders.  *In re JPMorgan Chase & Co. S'holder Deriv. Litig.*, No. 08 Civ. 974 (DLC), 2008 WL 4298588, at *10 (S.D.N.Y. Sept. 19, 2008) (emphasis added).

The 2011 Plaintiffs also argue that their proposed amended complaint is "unrivaled" and has been thoroughly investigated.  2011 Plaintiffs' Response at 18-19.

---

[6]     In *Lutzker*, the State Court denied the lift-stay relief requested by the older shareholders, and it did so only <u>one day</u> after Plaintiff Shochat filed his intervention and proposed opposition. *See id.*, Ex. 4.

Even assuming that the additional allegations from the proposed amended complaint by the 2011 Plaintiffs—all based on widely-reported public information—had merit, small differences among derivative complaints are not a bar to appointment of one lead plaintiff over another, and unique information in any one complaint can easily be incorporated into a consolidated amended complaint, regardless of who is appointed lead. *In re Bank of Am. Corp. Sec., Deriv. & "ERISA" Litig.*, 258 F.R.D. 260, 273 (S.D.N.Y. 2009).

Moreover, the 2011 Plaintiffs' Response supports appointment of Plaintiff Shochat's counsel as sole lead counsel. The 2011 Plaintiffs attach the recent decision in *In re Life Partners Holdings, Inc. Shareholder Derivative Litigation*, No. DR-11-cv-43, slip op. at 3 (W.D. Tex. May 9, 2012), in support of their arguments regarding appropriate counsel for a derivative action, but the quoted language from *Life Partners* and similar cases in the 2011 Plaintiffs' Response in fact supports the argument that a single law firm can effectively and efficiently operate as lead counsel, instead of the co-lead structure proposed by the 2011 Plaintiffs. *See* 2011 Plaintiffs' Response at 17; *see also Richard NMI Bell v. Acendant Solutions, Inc.*, No. Civ. A. 3:01-cv-0166, 2002 WL 638571, at *6 (N.D. Tex. Apr. 17, 2002) (in a case of manageable size, one law firm is best to control and coordinate the litigation); *In re Milestone Scientific Sec. Litig.*, 187 F.R.D. 165, 181 (D.N.J. 1999) (appointing sole lead counsel).

## CONCLUSION

For all of the foregoing reasons, Shochat respectfully requests that the relief sought in the 2011 Plaintiffs' Response be denied and the *Shochat* Motion be granted.

10

Date: June 4, 2012          By: /s/ Don S. Strong_____

**STRONG, MARTIN & ASSOCIATES, PLLC.**
Don S. Strong, OBA No. 13874
dss@strongmartin.com
G. Stephen Martin, OBA No. 17091
gsm@strongmartin.com
2700 First National Center
120 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 604-7500
Facsimile: (405) 604-7503

**KAHN SWICK & FOTI, LLC**
Lewis S. Kahn (*pro hac vice* application to be filed)
lewis.kahn@ksfcounsel.com
Albert M. Myers (*pro hac vice* application to be filed)
albert.myers@ksfcounsel.com
Melinda A. Nicholson (*pro hac vice* application to be filed)
melinda.nicholson@ksfcounsel.com
206 Covington Street
Madisonville, Louisiana 70447
Telephone: (504) 455-1400
Fax: (504) 455-1498

*Attorneys for Plaintiff Jacob Shochat*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 4, 2012, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.  I also certify that I have served this filing by first class mail to all counsel of record listed below.

    /s/ Don S. Strong
                    Don S. Strong

**LAW OFFICES OF DELLUOMO & CROW**
Steven W. Crow, OBA No. 15676
5617 N. Classen Blvd.
Oklahoma City, OK 73118

*Counsel for Plaintiffs Stephen Robaczynski, Norman Spiegel, Dolezal Family Limited Partnership, The David A. Kroll, Inc. Employees' Profit Sharing Plan and Trust, and Arthur Alberts*

**MURRAY FRANK LLP**
Brian Murray
275 Madison Avenue, Suite 801
New York, New York 10016

*Counsel for Plaintiff Stephen Robaczynski*

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
Ex Kano S. Sams, II
1925 Century Park East, Suite 2100
Los Angeles, California 90067

*Counsel for Plaintiff Norman Spiegel*

**HARWOOD FEFFER LLP**
Robert I. Harwood

Matthew M. Houston
488 Madison Avenue
New York, NY 10022

*Counsel for Plaintiffs The David A. Kroll, Inc. Employees Profit-Sharing Plan And Trust*
and *Dolezal Family Limited Partnership*

**DAVID B, KAHN & ASSOCIATES, LTD.**
David B. Kahn
Mark E. King
One Northfield Plaza, Suite 214
Northfield, Illinois 60093

*Counsel for Plaintiff Arthur Alberts*

**DERRYBERRY & NAIFEH, LLP**
Darren B. Derryberry
4800 North Lincoln Blvd.
Oklahoma, OK 73105

*Counsel for Plaintiff Howard Rosengarten* and *Joel Gerber*

**LAW OFFICES OF CURTIS V. TRINKO**
Curtis V. Trinko
16 West 46th Street, 7th Floor
New York, NY 10036

*Counsel for Plaintiff Howard Rosengarten*

**BRAGAR WEXLER EAGEL & SQUIRE, P.C.**
Raymond A. Bragar
Lawrence P. Eagel
Jeffrey H. Squire
Justin Kuehn
885 Third Avenue, Suite 3040
New York, NY 10022

*Counsel for Plaintiff Joel Gerber*

**HOLLOWAY BETHEA & OSENBAUGH PLLC**
Kenyatta R. Bethea
3035 N.W. 63rd Suite, 102N
Oklahoma City, OK 73116

*Counsel for Plaintiffs Brian F. Leonard, Christopher Snyder, Deborah G. Mallow IRA
SEP Investment Plan, and the 2011 Plaintiffs*

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Richard A. Lockridge
Gregg M. Fishbein
Vernon J. Vander Weide
Nathan D. Prosser
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

*Counsel for Plaintiff Brian F. Leonard*

**LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD.**
Edward W. Gale
Thomas C. Atmore
100 South 5th Street, Suite 2500
Minneapolis, MN 55402

*Counsel for Plaintiff Brian F. Leonard*

**ABBEY SPANIER RODD & ABRAMS, LLP**
Nancy Kaboolian
212 East 39th Street
New York, NY 10016

*Counsel for Plaintiff Christopher Snyder*

**LOVELL STEWART HALEBIAN LLP**
John Halebian
317 Madison Avenue, 21st Floor
New York, NY 10022

*Counsel for Plaintiff Deborah G. Mallow IRA SEP Investment Plan*

**ROY JACOBS & ASSOCIATES**
Roy L. Jacobs
60 East 42nd Street, 46th Floor
New York, NY 10165

*Counsel for Plaintiff Deborah G. Mallow IRA SEP Investment Plan*

14

**ROBBINS UMEDA**
Jay N. Razzouk
Brian J. Robbins
George C. Aguilar
Lauren N. Ochenduszko
600 B Street, Suite 1900
San Diego, CA 92101

*Counsel for the 2011 Plaintiffs*

**HOLZER HOLZER & FISTEL, LLC**
MARSHALL P. DEES
200 Ashford Center North, Suite 300
Atlanta, GA 30338

*Counsel for the 2011 Plaintiffs*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
M. Todd Scott
405 Howard Street
San Francisco, CA  94105

*Counsel for Defendants Aubrey K. McClendon, Richard K. Davidson, Kathleen M.
Eisbrenner, V. Burns Hargis, Frank Keating, Charles T. Maxwell, Merrill A. Miller, Jr.,
Don L. Nickles, Louis A. Simpson and nominal defendant Chesapeake Energy
Corporation*